UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-80558-CIV-MARRA

SHANNON REILLY, an individual,

Plaintiff,

vs.

MADISON AVE MEDIA, INC., a Delaware
corporation, and PROMARK DATA AND
MEDIA GROUP, LLC, a Florida limited
liability company and GEORGE HAWES,
an individual,

Defendants.
_____/

## OPINION AND ORDER

This cause is before the Court upon Defendant George Hawes' Motion to Dismiss Plaintiff's Complaint (DE 14). The motion is fully briefed and ripe for review. The Court has carefully considered the Motion and is otherwise fully advised in the premises.

I. Background

Plaintiff Shannon Reilly ("Plaintiff") filed a three-count Complaint for underpayment of wages allegedly due under the Fair Labor Standards Act, 29 U.S.C. § 206 ("FLSA") against Defendants Madison Ave. Media, Inc. ("MAM"), Promark Data and Media Group ("Promark") and George Hawes ("Hawes") (collectively, "Defendants"). (Compl. ¶ ¶ 6, 10, 12, DE 1.) According to the allegations of the Complaint, Plaintiff was an employee of Defendants, and MAM, Promark and Hawes were Plaintiff's joint employers. (Id.) MAM and Promark are enterprises engaged in interstate commerce. (Id. at ¶ 18.)

Plaintiff was employed as an executive assistant and research analyst for Defendants

between September 28, 2009 through November 1, 2010. (Id. at ¶¶ 34-35.) Defendants agreed to compensate Plaintiff in the amount of $36,000.00 per year and Plaintiff received bi-weekly checks from Promark for $1,500.00 (Id. at ¶ 38.) Between May 1, 2010 through November 1, 2010, Plaintiff did not receive any compensation. (Id. at ¶ 39.) On or about June 29, 2011, Plaintiff received an email from MAM confirming that she was owed back wages in the amount of $19,500.00 (Id. at ¶ 41; June 29, 2011 email, Ex. C, DE 1-3.) Defendants promised to pay her those wages, but have not done so. (Id. at ¶ 42; June 29, 2011 email.)

The paychecks Plaintiff did receive were signed by Promark. (Id. at ¶¶ 19-20.) MAM is the current manager of Promark. (Id. at ¶ 22; Florida Department of State Division of Corporations document, Ex. A, DE 1-1.) MAM became the manager of Promark on or about April 27, 2011. (Id. at ¶ 23; 2011 Limited Liability Co. Annual Report, Ex. B, DE 1-2.) MAM had operational control over the most significant aspects of Promark's business, made business and financial decisions for Promark, was involved in the day-to-day operations of Promark and controlled payment to employees. (Id. at ¶ 24.) Hawes is the current manager of MAM and Promark and is an employer of Plaintiff. (Id. at ¶¶ 28-29.)[1] Hawes has operational control over the most significant aspects of the company, makes Promark and MAM's business and financial decisions, is involved in the day-to-day operation of Promark and MAM, and controlled payment to employees. (Id. at ¶ 30.)

Promark and MAM have an annual gross sales volume exceeding $500,000.00 per year and are an enterprise engaging in interstate commerce or in the production of goods for

---

[1] The Complaint cites to the 2011 Limited Liability Co. Annual Report to support the allegation that Hawes is the manager of MAM. However, that report does not state anything about Hawes. (2011 Limited Liability Co. Annual Report.)

commerce (Id. at ¶¶ 17-18.)   Plaintiff's job duties were such that she was individually engaged in commerce. (Id. at ¶ 36.)

Hawes moves to dismiss the Complaint.  Specifically, Hawes contends the allegations that Hawes is a joint employer are conclusory and contradicted by the exhibits attached to the Complaint.  Hawes also complains that the allegations regarding interstate commerce are conclusory and lack factual support.  Lastly, Hawes claims that Plaintiff failed to allege (1) how many hours she worked for which she did not receive minimum wages (2) her job duties or (3) her hourly rate.

## II. Legal Standard

With respect to the motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the Court observes first that Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when

3

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950.  When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

### III. Discussion

#### A. Joint Employer

The FLSA defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." See 29 U.S.C. § 203(d). Additionally, the Eleventh Circuit has held that a "corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA" as long as that corporate officer is "involved in the day-to-day operation or ha[s] some direct responsibility for the supervision of the employee." Alvarez Perez v. Sanflord-Orlando Kennel Club, Inc., 515 F.3d 1150, 1160 (11th Cir. 2008) (internal quotation marks omitted).  In deciding whether a party is an employer, "economic reality" controls rather than common law concepts of agency. Goldberg v. Whitaker House Cooperative, 366 U.S. 28, 33 (1961).

Here, Plaintiff has provided more than conclusory allegations to demonstrate Hawes was a joint employer.  For example, the Complaint states that Hawes is involved in the day-to-day operations of Promark and MAM, and he controlled payment to employees, including Plaintiff. (Compl. ¶ 30.)  Furthermore, the Complaint alleges that Defendants operated as joint employers because they were charged with the responsibility of paying Plaintiff her wages and making

4

decisions about and directing her work. (Id. at ¶ 31.)  See Layton v. DHL Exp. (USA), Inc., 686 F.3d 1172, 1176 (11th Cir. 2012) (explaining factors to be applied in establishing joint employment status); Antenor v. D & S Farms, 88 F.3d 925, 929 (11th Cir.1996) (same); Aimable v. Long and Scott Farms, 20 F.3d 434, 439 (11th Cir.1994) (same). With respect to Hawes' argument that the 2011 Limited Liability Company Annual Report does not support Plaintiff's allegation that Hawes is a manager, the Court does not disagree.  However, Plaintiff does allege that Hawes is a manager (Compl. ¶ 28) and the Report does not contradict this allegation.  It just does not support it.  As such, it is not a basis to find that the joint employer relationship is not properly pled.

  The Court does, however, find that the Complaint is devoid of the necessary factual allegations to support Plaintiff's legal conclusion that Defendants were an enterprise engaged in interstate commerce or Plaintiff was involved in the production of good for commerce.  An employer falls under the enterprise coverage section of the FLSA if it: (1) "has employees engaged in commerce or in the production of goods for commerce, or . . . has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person;" and (2) has at least $500,000 of "annual gross volume of sales made or business done." 29 U.S.C. § 203(s)(1)(A); see Polycarpe v. E & S Landscaping Serv. Inc., 616 F.3d 1217, 1220 (11th Cir. 2010).  The Complaint merely states that Plaintiff's "job duties were such that she herself was individually engaged in commerce." (Compl. ¶ 36.)  This is nothing more than a legal conclusion with no factual allegations in support of this assertion. Thus, this aspect of the Complaint cannot withstand a motion to dismiss.  See Kendrick v. Eagle Intern. Group, LLC, No. 08–80909–CIV, 2009 WL 3855227, at * 3 (S.D. Fla.

5

Nov. 17, 2009).  Likewise, the allegation that Defendants were an enterprise engaged in interstate commerce or in the production of good for commerce (Compl. ¶ 18) is merely a recitation of the statutory language and fails under the Twombly-Iqual standard.  See Perez v. Muab, Inc., No. 10–62441–Civ, 2011 WL 845818, at * 3 (S.D. Fla. Mar. 7, 2011); Bailey v. Cooper, No. 10–81596–Civ, 2011 WL 818110, at * 2 (S.D. Fla. Mar. 2, 2011).  As such, Plaintiff is granted leave to amend the Complaint to cure this deficiency.

Finally, the Court finds that the Complaint adequately alleges that Defendants failed to pay Plaintiff minimum wages.  In so finding, the Court rejects Hawes contention that the Complaint failed to allege the number of hours for which Plaintiff did not receive minimum wages, how much she claims is owed to her, and what duties she performed.  In fact, the Complaint alleges that Defendants agreed to pay Plaintiff $36,000.000 per year and that she received checks from Defendants from September 1, 2009 through April 2010. (Compl. ¶ ¶ 34-38.)  However, between May 1, 2010 and November 1, 2010, Plaintiff received no compensation from Defendant.  (Id. at ¶ 39.)  Defendants later confirmed that Plaintiff was owed back wages in the amount of $19,500.00. (Id. at ¶ 41.)  Finally, the Complaint alleges Plaintiff performed services as an executive assistant and research analyst. (Id. at 35.)  The Court finds that these facts demonstrate that Plaintiff has stated a claim for underpayment of wages.

For the foregoing reasons, the Court grants in part and denies in part Hawes' motion to dismiss.

IV.  Conclusion

Defendant George Hawes' Motion to Dismiss Plaintiff's Complaint (DE 14) is **GRANTED IN PART AND DENIED IN PART**.  Plaintiff shall file an amended complaint within 14 days of the date of entry of this Order.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 11th day of October, 2012.

_____
KENNETH A. MARRA
United States District Judge