UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-80558-CIV-MARRA/MATTHEWMAN

SHANNON REILLY, an individual,

Plaintiff,

vs.

MADISON AVE MEDIA, INC., a Delaware
corporation, and PROMARK DATA AND
MEDIA GROUP, LLC, a Florida limited
liability company and GEORGE HAWES,
an individual,

Defendant.
_____/

## OPINION AND ORDER

This cause is before the Court upon Plaintiff Shannon Reilly's ("Plaintiff") Motion for Leave to Amend Complaint (DE 49), filed June 7, 2013. Defendant George Hawes ("Defendant") has filed an opposition. (DE 50.) No reply memorandum has been filed. The Court has carefully considered the Motion and is otherwise fully advised in the premises.

On May 23, 2012, Plaintiff filed a complaint pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206. (DE 1.) Plaintiff now seeks to amend the complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure.[1] Plaintiff states that Defendant domesticated a Utah default judgment against Plaintiff from a separate and unrelated matter on May 1, 2013 and only chose to execute against Plaintiff, despite the fact that the default judgment was entered against other parties as well. Plaintiff claims this is a retaliatory act under the FLSA and wishes

---

[1] The deadline for filing an amended pleading was March 28, 2013. (DE 45.) Defendant, however, consented to an extension of the deadline until June 28, 2013. (DE 51.) The Court granted the extension (DE 52), therefore making this motion timely.

to add this claim to the complaint.  Defendant opposes this amendment on the grounds that it is futile because, as a matter of law, seeking to enforce a valid, pre-existing judgment is not an adverse employment action.

Rule 15(a) of the Federal Rules of Civil Procedures provides that a party may amend the party's pleading "only with the opposing party's written consent or the court's leave" and that "the court should freely give leave when justice so requires."  In construing Rule 15(a), the Supreme Court has held that:

> In the absence of any apparent or declared reason–such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962).  Moreover, "[l]eave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007).

A prima facie case of FLSA retaliation requires a demonstration by the plaintiff of the following: "(1) she engaged in activity protected under [the] act; (2) she subsequently suffered adverse action by the employer; and (3) a causal connection existed between the employee's activity and the adverse action." Wolf v. Coca-Cola Co., 200 F.3d 1337, 1342-43 (11th Cir. 2000).  For Plaintiff to prevail on her retaliation claim, she must show that, by domesticating a judgment against her, Defendant acted with a "retaliatory motive" and "lack[ed] a reasonable basis in fact or law." Munroe v. Partsbase, Inc., No. 08-80431-CIV, 2009 WL 413721, at * 8 (S.D. Fla. Feb. 18, 2009).  Even assuming that Defendant acted with a retaliatory motive, there is no reason to conclude that the act of domesticating a judgment lacks a reasonable basis in fact or

law. See McKenzie v. Illinois Dep't of Transp., 31 F. App'x 922, 925-26 (7th Cir. 2002) (garnishment of wages not an adverse employment action for purposes of a Title VII case because state employer had complied with state law in garnishing wages); Harvey v. Holder, No. 10–268, 2011 WL 3610078, at * 3-4 (W.D. Pa. Aug. 15, 2011) (dismissing retaliation claim based on employer garnishing wages because the notice of garnishment was properly authorized and legitimate). Indeed, even Plaintiff does not claim the default judgment is invalid. See Motion ¶ 4 ( "[t]he Utah Judgment is against Plaintiff as well as [others].") Notably, while Plaintiff alleges that Defendant did not execute on the default judgment until after the lawsuit was filed, she does not allege that Defendant waited to move for the default judgment until after the filing of the instant case. Therefore, any "in terrorem effect" is absent when a plaintiff has already brought a lawsuit and a defendant simply seeks to enforce a pre-existing judgment. See Monroe, 2009 WL 413721, at * 8.

Accordingly, the Court finds that the proposed complaint would be subject to dismissal. Because the amendment is futile, the court denies the motion to amend.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion for Leave to Amend Complaint (DE 49) is **DENIED.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 3rd day of July, 2013.

_____
KENNETH A. MARRA
United States District Judge